## Commonwealth v. Mochnaly et al.

[redacted]

*John G. Gaut*, Assistant District Attorney, for Commonwealth.
*Smith, Keenan & Smith*, for defendants.
*Paul J. Abraham*, for county controller.
*Marker & Rial*, for County of Westmoreland.

DOM, J., Jan. 22, 1930.—At the common law the Crown paid no costs; defendants were liable for costs whether acquitted or convicted, but this liability has been modified by statute.

At the common law, so far as we know, and we have been cited to no authority which holds the contrary, no provision was made for the costs where a bill of indictment was quashed.

May we not safely say, therefore, that the liability of the county for costs in any situation is entirely statutory, and that if costs on a quashed bill are to be imposed upon a defendant we must find authority for so doing in the statute.

Any person claiming costs must point to a statute covering his demand; all demands for the payment of costs are likewise dependent upon statutory direction, and because such payment is in its nature penal, the statute will be strictly construed—it must be interpreted rigidly.

The question of costs in the enumerated cases comes before us for decision upon a case stated; the facts in all the four cases are similar.

The question involved is: "Are defendants who have been acquitted by a traverse jury with instructions to pay costs upon a second indictment which was framed and presented upon the original information required to pay all costs accruing upon the first indictment which was quashed?"

The chronological history of the cases is given in the statement.

At the May Term, 1928, on May 9th, true bills were returned by the grand jury; at the August Term, 1928, on Sept. 4th, the cases were called together for trial, and, upon motion of defendants, the indictments were quashed for matter of form; on Oct. 17, 1928, in the August Term, 1928, upon motion of

the district attorney, leave was given by the court to present to the next grand jury new bills of indictments; on Nov. 15, 1928, said new bills were presented in the November Term, 1928, to the grand jury and were returned by it to the court as true bills; at the February Sessions, 1929, defendants, upon the aforesaid second indictments, were tried and the verdicts were "not guilty but pay costs."

The controversy arises about the costs on the quashed bills, the Commonwealth contending that all of the costs for the entire proceedings are chargeable to the defendants, while the defendants contend that they are not liable for the costs on the quashed bills.

The Commonwealth contends that since the second indictments were framed upon the original information the first should attach to the second and the whole costs should be paid by the defendants. We cannot see that; we can see no power in the jury trying the defendants on the second bills to dispose of the costs that had accrued on the first. We are cited to the case of Richards *v.* Clearfield County, 16 Pa. C. C. Reps. 227. The facts of that case are not altogether similar to ours—it has nothing to do with costs chargeable to a defendant—and it is our opinion that the court went a great distance in even fixing liability on the county.

Counsel for the Commonwealth is of opinion that the witnesses and the constables should be paid their costs without regard to which set of bills the costs were incurred upon. And he further insists that the costs were regularly incurred, that the witnesses were necessary for the trial of the cases, and that they spent their own money for the purpose of coming to court, etc., and should be reimbursed.

We are urged to decide this case against defendants in order that the witnesses and officers be paid, but the only effect this consideration could have upon us might be to insensibly influence the construction of the statutes; because, after we construe the statutes, our conclusion as to them must prevail, the supposed hardships being a matter then wholly out of our power. The legislature is the real place to present such an appeal for remedial legislation; it has doubtless full power to legislate as to costs on quashed bills.

However one may view such an argument, and it is our business to do full justice under the law, we believe that it is better that both witnesses and officers collectively should contribute than that all the charges should be unlawfully and unjustly imposed upon "not guilty" individual defendants.

We have given this matter our painstaking attention; we have examined all the laws and many decisions of both the higher and lower courts, and it is our opinion that the defendants are not chargeable with the costs on the quashed indictments. We can find no statute covering the demands of the Commonwealth.

It has not been argued that before the Act of March 31, 1860, P. L. 427—and it could not well be after a review of the early decisions—defendants were obliged to pay the costs on quashed bills. Has said act changed their status? Section 62 thereof reads as follows:

"In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine by their verdict whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions: . . ."

It will be noticed that the section says nothing about quashed bills. If we are correct in our former conclusion that before costs may be imposed upon a defendant on a quashed bill we must have statutory authority, and bearing in mind that the said act must be strictly construed, can it be successfully urged upon us that the said act has changed the status? We think not, and we have reached this conclusion after mature reflection; we cannot see that the Act of 1860 aforesaid has made any change.

The Commonwealth also relies, and perhaps chiefly relies, upon the Act of May 19, 1887, P. L. 138, and again we cannot follow the reasoning offered us, because the said act does not mention anything about quashed bills; again, it makes not even a feeble attempt to place costs on defendants; further, the title discloses its purpose—it is "an act providing for payment of costs in criminal cases by the proper county;" and, lastly, it does not modify in the slightest degree the right or power of petit juries as to the payment of costs under the Act of 1860.

Upon the case stated we shall enter judgment in accordance with the contention of the defendants.

We have been requested by the district attorney's office and by the controller's office to give an opinion—without a judgment, of course, because we have nothing of the kind before us in the case stated—as to the liability of the county for the costs on the quashed bills, and reluctantly we have decided to give our views but with no other thought in mind than to be presently helpful; we must reserve the right to decide each cause with its specific facts as it is presented and to change our views if it later appear that they be erroneous.

If there be any liability upon the county, it is because of the Act of 1887 and not that of 1860.

The Act of 1887 is "an act providing for payment of costs in criminal cases by the proper county." Section 1 thereof provides as follows: "The costs of prosecution accruing in every case of misdemeanor in any of the courts of quarter sessions of the peace of this Commonwealth shall, on the termination of the prosecution by the bill of indictment being ignored by the grand jury, or by a verdict of a traverse jury, and sentence of the court thereon, be immediately chargeable to and paid by the proper county: . . ."

At this time we wish to note that there is one fact in our case different from the case of Richards v. Clearfield County, supra. The indictments in this case were quashed for a matter of form, for formal defect, for insufficiency, for fault of the prosecutor or prosecuting officer, and not because of irregularities in the filing, sealing and securing the jury wheel from which the names of those composing the grand jury were drawn. However, we do not mean to infer by calling attention to that outstanding difference that the liability of the county may or may not be fixed, depending upon who is at fault.

And we cannot follow Judge Gordon when he says that the Act of 1887 is much broader in its scope and a step far in advance of preceding acts, and that it has broadened the liability of the county so as to cover costs in an emergency, etc.

It is our opinion that the aim of the Act of 1887 was not to fix a new or greater liability, but only to require instant payment of the legal costs by the county upon the termination of the prosecution. The Act of 1887 imposes no new liability upon the county to pay where it was not before required to pay.

The said act makes the county liable in the first instance and not the last; the county no longer guarantees payment, but it pays presently and then

looks for reimbursement to those ultimately obligated. To that extent, and no further, does the Act of 1887 go, and only to that extent does it correct the alleged hardships of the Act of 1860.

The said act provides for payment "on the termination of the prosecution." Termination how? First, "by the bill of indictment being ignored by the grand jury;" secondly, "by a verdict of a traverse jury and sentence of the court thereon?" The said act contains no provision about costs incurred on quashed bills—as to quashed bills it is silent. If the legislature had intended to impose additional liability on the county, it surely would have said so and in no uncertain terms.

And it is our opinion that the "prosecution" contemplated by the legislature is terminated when the bill of indictment is quashed—the quashing of the bill puts an end to that particular "prosecution;" neither the Commonwealth nor the prosecutor has any *inherent power* over it—the authority both of the district attorney and of the prosecutor is at an end—each may have the right to institute proceedings *de novo* but neither has *any command* over the old prosecution. True, a new bill may be sent to a grand jury by leave or direction of the court founded upon the original information—it seems to be conceded that the court has discretionary power to make such an order in exceptional or rare cases. Such a new bill, however, is not the same prosecution, but is a new, separate and distinct prosecution.

It seems to us that the language of the Act of 1887 is clear and capable of only one meaning, and we should not be influenced to mold the language to give it an effect not intended. Because we may have some notions about hardships, we should not construe the language contrary to its clear meaning in order to extend it so it may embrace emergency cases.

And now, Jan. 22, 1930, after due consideration, we direct judgment to be entered on the case stated against the defendants in the sum of $515.34.